Nancy Steffen Rahmeyer, P.J.
K.W.D. ("Father"), father of J.J.D. ("Child"), appeals from the termination of his parental rights. The trial court terminated Father's parental rights on the ground of neglect, pursuant to section 211.447.5(2), and on the ground of failure to rectify, pursuant to section 211.447.5(3).[1] Father fails to challenge in his points both of the grounds used by the trial court to terminate and, as such, it is unnecessary for this Court to address the ground for termination challenged by Appellant in Point I (neglect). See In re T.R.W. , 317 S.W.3d 167, 170 (Mo. App. S.D. 2010) ("[I]f an appellant fails to challenge each of the termination grounds found by the trial court, it is unnecessary for the appellate court to address the specific ground that is challenged."). We do, however, set forth the facts supporting the judgment of termination as we have reviewed the record *135 ex gratia. Father also challenges, in his Point II, the finding that it is in the best interests of Child to terminate Father's parental rights. We find no merit to Father's claim and deny his second point. The judgment is affirmed.
Father's first point specifically challenges the trial court's finding that Father had an untreatable chemical dependency that prevented him from providing the necessary care, custody and control of Child. Father's emphasis on his chemical dependence omits the remaining facts as found by the trial court. Additionally, the trial court found that the parents' instability and lack of stable, appropriate and safe housing and the neglect of Child's medical conditions brought Child into foster care.[2] Father was a participant in each of these actions. Father has been incarcerated for drug-related offenses and, according to Mother,[3] his criminal activity and current incarceration result from his drug usage. Father did not complete the drug treatment program mandated during his incarceration and, as a result, was not released from the Department of Corrections at an earlier date. Furthermore, Father did not provide written confirmation that he had attended any NA/AA meetings while incarcerated, nor did he provide any plan for a safe, stable and appropriate home for Child after his release from prison. Father sent just one item of correspondence from January 2016 until the termination hearing in August 2017. Father has sent no financial support or in-kind contributions for the care of Child. All of these facts, as found by the trial court, support either statutory ground for the termination of Father's parental rights. Point I is denied.
Father also contests the finding that it is in the best interests of the child that Father's rights be terminated. In addition to the factual findings that make up the statutory grounds supporting termination, the trial court found that there were no emotional ties between Father and Child, that Child does not even know Father. Father's prison sentence is such that it will deprive Child of a stable home for years. On the other hand, Child is in the same stable foster home that he has been placed with since the separation from his parents and that home is a suitable adoptive home. The trial court was free to infer that Father's behavior in all of the above evidenced a disinterest in or lack of commitment to Child. The court did not err in finding that it was in the best interests of Child that Father's parental rights be terminated. Point II is denied.
The judgment is affirmed.
Jeffrey W. Bates, J.-Concurs
William W. Francis, Jr., J.-Concurs

All references to statutes are to RSMo 2000, Cum.Supp. 2014, unless otherwise specified.

An additional concern when Child came into custody was that he tested positive at birth for morphine.

Mother's parental rights were also terminated and she has not appealed that decision. We mention her only as necessary to state the facts related to Father.